# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

TATJANA VESIOLKO                         CASE NO.  3:25-CV-2137 SEC P

VERSUS                                   JUDGE JAMES D. CAIN, JR.

BRIAN ACUNA, ET AL.                      MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed on behalf of Tatjana Vesiolko, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  At the time of filing, Petitioner was an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana.  Petitioner alleged her detention was unlawful and sought her release.

Petitioner is a citizen of Lithuania.  She entered the United States on August 15, 2009 on a visa waiver.  Petitioner overstayed her period of authorized stay, and she was taken into immigration detention on or about February 14, 2025, when she was returning from a vacation to Puerto Rico.  A final order of removal was issued in her case on June 24, 2025 (Doc. 1).  On January 18, 2026, Petitioner was removed to Lithuania and is no longer detained (Doc. 5, p.2).

Because Petitioner has been deported and is no longer in ICE custody, this petition should be DISMISSED WITHOUT PREJUDICE because it is moot.

### LAW AND ANALYSIS

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). Petitioner must continue to meet the case or controversy requirement.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  Petitioner's petition challenging her detention is moot because she has been deported and is no longer in ICE custody (Doc. 5).  See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007).  If a controversy is moot, the court lacks subject matter jurisdiction.  Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Petitioner is not entitled to attorney fees as the Fifth Circuit has held that recovery of attorney fees is not available in habeas corpus proceedings. See Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** as moot.

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 9th day of June 2026.

Mark L. Hornsby
U.S. Magistrate Judge